# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: January 30, 2026

\* \* \* \* \* \* \* \* \* \* \* \* \*
DOROTHY PETRUZZI,                             \*
*As administratrix of the Estate of*          \*
*JOSEPH PETRUZZI, decreased*                  \*
                                              \*
                Petitioner,                   \*          No. 20-250V
                                              \*
v.                                            \*          Special Master Gowen
                                              \*
SECRETARY OF HEALTH                           \*
AND HUMAN SERVICES,                           \*
                                              \*
                Respondent.                   \*
\* \* \* \* \* \* \* \* \* \* \* \* \*

*Lawrence R. Cohan,* Saltz Mongeluzzi & Bendesky, Philadelphia, PA, for petitioner.
*Catherine E. Stolar,* U.S. Dept. of Justice, Washington, D.C., for respondent.

### DECISION ON STIPULATION[1]

On March 5, 2020, Dorothy Petruzzi, as administrator of the Estate of Joseph Petruzzi ("petitioner"), filed a claim in the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1).[3] Petitioner alleged that as a result of receiving the influenza[4] vaccine on January 5, 2018, he developed a Table Guillain-Barré Syndrome ("GBS"). *Id.*

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this decision contains a reasoned explanation for the action in this case, I am required to post it to a publicly available website. This decision will appear at https://www.govinfo.gov/app/collection/uscourts/national/cofc or on the Court of Federal Claims website. **This means the decision will be available to anyone with access to the Internet.** Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

[3] Mr. Petruzzi died on December 20, 2024, and Ms. Dorothy Petruzzi, as the legal representative of the estate of Mr. Petruzzi, was substituted as the petitioner in this matter on September 2, 2025. Order to Amend Case Caption (ECF No. 61).
[4]

On January 30, 2026, respondent filed a stipulation providing that a decision should be entered awards compensation to Petitioner.  Stipulation (ECF No. 67).  Respondent denies that petitioner sustained GBS, or that the flu vaccine caused Mr. Petruzzi's alleged injury, and denies that the flu vaccine caused Mr. Petruzzi's death.  *Id.* at ¶ 6.  Nevertheless, maintaining their respective positions, the parties now agree that issues between them settled and that a decision should be entered awarding compensation to petitioner described in the stipulation, attached hereto as Appendix A.

The stipulation provides:

1)   **A lump sum payment of $15,000.00, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, as legal representative of the Estate of Joseph Petruzzi.**

This amount represents payment for all damages available under 42 U.S.C. § 300aa-15(a).

I adopt the parties' stipulation attached hereto, and award compensation in the amount and on the terms set forth therein.  The Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[5]

**IT IS SO ORDERED.**

<u>**s/Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master

---

[5] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review.  Vaccine Rule 11(a).

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| DOROTHY PETRUZZI, as administratrix of the Estate of JOSEPH PETRUZZI, deceased,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 20-250V<br>Special Master Gowen<br>ECF |

**STIPULATION**

The parties hereby stipulate to the following matters:

1. Joseph Petruzzi[1] filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to Mr. Petruzzi's receipt of influenza ("flu") and pneumococcal vaccines, which are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Mr. Petruzzi received flu and pneumococcal vaccines on January 5, 2018.[2]

3. The vaccines were administered within the United States.

---

[1] Mr. Petruzzi died on December 20, 2024. Dorothy Petruzzi ("petitioner"), as the legal representative of Mr. Petruzzi's estate, was substituted as the petitioner in this matter on September 2, 2025.

[2] Petitioner received a pneumococcal polysaccharide vaccine, which is not contained in the Vaccine Injury Table.

4. Petitioner alleges that Mr. Petruzzi sustained the injury of Guillain-Barré Syndrome ("GBS") within the time period set forth in the Table for the flu vaccine, or in the alternative, that the subject vaccines caused-in-fact Mr. Petruzzi's GBS. Petitioner further alleges that Mr. Petruzzi suffered the residual effects of the alleged injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on petitioner's or Mr. Petruzzi's behalf as a result of the alleged injury.

6. Respondent denies that Mr. Petruzzi sustained a Table GBS injury; denies that the vaccines caused and/or significantly aggravated Mr. Petruzzi's alleged injury; and denies that the subject vaccines caused any other injury or Mr. Petruzzi's death.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment for all damages that would be available under 42 U.S.C. § 300aa-15(a):

> A lump sum payment of $15,000.00 to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, as legal representative of the Estate of Joseph Petruzzi.

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before

2

the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and petitioner's attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that petitioner presently is, or within 90 days of the date of judgment will become, duly authorized to serve as the legal representative of Mr. Petruzzi's estate under the laws of the State of New Jersey. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing petitioner's appointment as legal representative of Mr. Petruzzi's estate. If petitioner is not authorized by a court of competent jurisdiction to serve as legal representative of Mr. Petruzzi's estate at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of Mr. Petruzzi's estate upon submission of written documentation of such appointment to the Secretary.

13. In return for the payments described in paragraphs 8 and 9, petitioner, in petitioner's individual capacity and as legal representative of Mr. Petruzzi's estate, on petitioner's own

3

behalf, and on behalf of Mr. Petruzzi's heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the vaccinations administered on January 5, 2018, as alleged in a petition for vaccine compensation filed on or about March 5, 2020, in the United States Court of Federal Claims as petition No. 20-250V.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

4

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu and/or pneumococcal vaccines caused petitioner's alleged injury or any other injury or petitioner's current disabilities, or that petitioner suffered an injury contained in the Vaccine Injury Table.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

## END OF STIPULATION

5

Respectfully submitted,

PETITIONER:

*[signature]*

DOROTHY PETRUZZI, as administratrix of
the Estate of JOSEPH PETRUZZI, deceased

ATTORNEY OF RECORD FOR
PETITIONER:

*[signature]*

LAWRENCE R. COHAN
Saltz, Mongeluzzi & Bendesky P.C.
One Liberty Place, 52nd Floor
1650 Market Street
Philadelphia, PA 19103
215-575-3887
lcohan@smbb.com

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

Jeffrey S.    Digitally signed by
              Jeffrey S. Beach -S
Beach -S      Date: 2026.01.15
              10:30:56 -05'00'      for

CAPT GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 14W-18
Rockville, MD 20857

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

*[signature]*

HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

ATTORNEY OF RECORD FOR
RESPONDENT:

*[signature]*

CATHERINE E. STOLAR
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
202-353-3299
catherine.stolar@usdoj.gov

Dated: ___1/30/26___

6